**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS D. CROOKS, JR.,
Plaintiff-Appellant,

v.                                                        No. 95-7853

CHARLES WILLIAMS, SR.,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-91-3850-3-17)

Argued: June 3, 1997

Decided: September 4, 1997

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Hammond Allen Beale, Jr., Columbia, South Carolina,
for Appellee. **ON BRIEF:** Stephen J. Henry, Greenville, South Caro-
lina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Crooks filed this lawsuit in district court seeking damages from Charles Williams for alleged violations of the Electronic Communications Privacy Act of 1986 (ECPA). 18 U.S.C.§ 2510 et seq. The district court entered judgment in favor of Williams at the conclusion of a bench trial. Crooks appeals that decision.

Williams owns and operates a residential health care facility. When the facility began receiving harassing and obscene telephone calls, he purchased a service known as "call tracing" from the telephone company. Each time the service was activated, the telephone company traced the origins of the incoming call. Williams did not trace or record any calls. Through use of this service, it was determined that Crooks had made at least 41 harassing calls to the facility. Crooks admitted that he placed the calls, pleaded guilty to state criminal charges, and was sentenced to ten years in the South Carolina Department of Corrections. The state court suspended the sentence and placed Crooks on probation for five years. The court also ordered him not to contact his victims, including Williams.

In December of 1991, Crooks filed this lawsuit in district court alleging that Williams's use of the tracing service to uncover his criminal activity violated the ECPA. Williams did not respond to the suit, and the clerk entered default judgment against him. The reason Williams did not respond is that he believed the suit violated the sentencing court's order prohibiting Crooks from contacting his victims. Following a hearing on damages at which Williams appeared without counsel, the magistrate judge recommended an award of $10,000 in statutory damages. Without objection from Williams, the district court entered judgment in accordance with the magistrate judge's recommendation. Several months later, the parties apparently agreed that Williams would pay the award in monthly installments. Nevertheless, less than a month after that, Williams's property was scheduled to be sold to satisfy the judgment. Shortly before the sale, Williams asked the district court to vacate the judgment.

The district court held a hearing to consider the motion to vacate. Based on the evidence presented at the hearing, the court found that

2

Williams reasonably believed the lawsuit was filed in violation of the state court's no-contact order. That belief, the court decided, constituted good cause for not responding to the lawsuit. Because Williams had demonstrated good cause and had presented evidence which suggested that Crooks's claims were meritless, the court vacated the default judgment. Fed. R. Civ. P. 60(b)(6). Subsequently, the court denied Crooks's motion to enforce the parties' "settlement" agreement and held a bench trial. After the trial, the court entered judgment in favor of Williams, concluding that he had not violated the ECPA.

On appeal, Crooks contends the district court abused its discretion by vacating the default judgment and by not enforcing the parties' "settlement" agreement. He also asserts that the court erred by ruling that his claim was meritless and by holding, in the alternative, that damages would be inappropriate on the facts of this case.

After careful review of the briefs and the record, we affirm for reasons adequately stated by the district court. Crooks v. Williams, No. 3:91-3850-17 (D.S.C. Oct. 17, 1994)(order vacating default judgment); Crooks v. Williams, No. 3:91-3850-17 (D.S.C. Sep. 11, 1995)(order entering judgment in favor of Williams).

AFFIRMED

3